# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

KEITH WADE,
    Defendant.

CIVIL ACTION NO.
1:11-CR-0337-WBH

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 34], in which the Magistrate Judge recommends that Defendant's motion to suppress, [Doc. 20], be denied. Defendant has filed his objection, [Doc. 36], to the R&R, and this Court has thus performed a *de novo* review of those portions of the R&R to which Defendant objects.

Briefly summarizing the undisputed facts found by the Magistrate Judge, Defendant was on parole. The conditions of his parole required that he not possess firearms and that he submit to warrantless searches of his person and any property under his control. Defendant's parole officer received an anonymous tip that Defendant had made threatening phone calls, had sent threatening text messages, and had driven past the tipster's house. One of the text messages included photographs of a man holding an assault rifle and of an assault rifle and a pistol. The text accompanying the pictures read: "this how i think!!!!" The parole officer saw this text

message and identified the man in the photograph as Defendant. At the time, Defendant was living with his mother. The parole officer along with other officers went to Defendant's mother's home and searched the downstairs living room, bedroom, and bathroom because those were the areas of the home to which Defendant had access. In the living room, officers found two loaded clips for an assault rifle, and in Defendant's bedroom, officers found a box of 9 mm ammunition.

In recommending denial of Defendant's motion to suppress the evidence found at his residence, the Magistrate Judge found that, as a parolee, Defendant had a limited expectation of privacy and that Defendant agreed to submit to warrantless searches. As such, the Magistrate Judge concluded that reasonable suspicion was not required for the parole officer to search Defendant's residence. The Magistrate Judge further concluded that reasonable suspicion existed for the parole officer to search the portion of the home that Defendant occupied.

In his objection, Defendant challenges both of these conclusions. He first argues that Supreme Court precedent does not support the proposition that Georgia parolees are subject to a warrantless search in the absence of reasonable suspicion. He further claims that, in this case, the parole officer did not have reasonable suspicion to search Defendant's residence. On this second point, Defendant focuses

2

AO 72A
(Rev.8/82)

his argument on the fact that the parole officer was not entitled to rely on an unknown, anonymous tipster to establish a reasonable suspicion.

Having reviewed the R&R in light of Defendant's objection, this Court concludes that reasonable suspicion clearly existed. While an anonymous phone call implicating Defendant might have been suspect in the absence of other evidence, here the parole officer had a photograph of Defendant holding an assault rifle along with information that indicated that Defendant himself had sent the picture for the purpose of intimidation. Such a photograph is certainly sufficient to create an articulable suspicion that a crime has been committed even if, as Defendant points out, the record is silent as to when the photograph was taken.

Because it is clear that the parole officer had reasonable suspicion to effect the search, this Court makes no conclusion regarding the question of whether Defendant had a privacy expectation that would have precluded a warrantless search in the absence of reasonable suspicion.

Defendant next argues that by searching a common area of Defendant's residence (e.g., the living room right outside his bedroom) the parole officer exceeded the scope of the Georgia Board of Pardons and Paroles operations manual. In response, this Court notes that in order to suppress the fruits of the parole officer's search, the search would have to violate the Fourth Amendment, which (1) is not

3

AO 72A
(Rev.8/82)

limited by a parole board manual, and (2) does not proscribe the search of a common area outside of a suspect's bedroom when proper cause to search the suspect's bedroom exists.

In summary, this Court concludes that the Magistrate Judge was correct as to law and fact and thus **ADOPTS** the R&R, [Doc. 34], as the Order of this Court. Defendant's motion to suppress, [Doc. 20], is **DENIED**.

**IT IS SO ORDERED,** this 31 day of January, 2012.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)