**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KEITH WADE, | : | CIVIL ACTION NO. |
| BOP Reg # 63016-019, | : | 1:15-CV-1712-RWS-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-CR-337-RWS-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate his 195-month sentence. (Doc. 106). **IT IS RECOMMENDED** that the motion be **DENIED**.

## I.   Procedural History

Movant was indicted on July 5, 2011, and a jury convicted him on September 27, 2012 as a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). (Docs. 1, 72). On April 22, 2013, he was sentenced under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), to a 195-month term of imprisonment. (Doc. 84). On May 5, 2013, Movant filed a notice of appeal, and on January 8, 2014, the Eleventh Circuit affirmed Movant's conviction and sentence. (Doc. 103).

### A.   Direct Appeal

On direct appeal, Movant claimed that the district court erred by reaching the

following conclusions:

1.    reasonable suspicion was not required to conduct a warrantless search of [his] residence [merely] because he was a parolee who had signed a search waiver as a condition of his parole;

2.    officers did have reasonable suspicion to search his residence after receiving an anonymous tip and a photograph in which [he] was holding a firearm;

3.    his prior conviction pursuant to an *Alford* plea qualified as a predicate offense under the . . . ACCA . . . .

(Doc. 103 at 2 (footnote giving full *Alford* cite omitted)); *see North Carolina v. Alford*, 400 U.S. 25 (1970).

The Eleventh Circuit rejected Movant's first two claims because "the district court based its denial of [his] motion to suppress on its conclusion that officers *did have* reasonable suspicion to justify the warrantless search" of his residence (*id.* at 3 (emphasis added)); and because the search not only "was supported by reasonable suspicion" (*id.* at 5), but it also was justified when Movant's mother, with whom he resided, consented to it (*id.* at 6).  The court rejected Movant's third claim because

[t]he use of [his] prior conviction for attempted armed robbery to enhance his present sentence was not error. The record shows that his plea to that offense was knowing and voluntary, and supported by a factual basis. This is all that is required for his plea under *Alford* to produce the same collateral consequences as an ordinary guilty plea.

2

(*Id.* at 7-8).

### B.    28 U.S.C. § 2255 Motion to Vacate

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  But it is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).  "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' *Reed v. Farley*, 512 U.S. 339, 348 (1994)." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (citation altered and internal quotations omitted).

Movant raises ten grounds for relief in his § 2255 motion (Doc. 106), including nine that are enumerated in his Statement of Issues (*id.* at 10-12), and one that is mentioned only in his Discussion of Law (*id.* at 16-17).  Movant adds an eleventh ground in his motion to amend.  (Doc. 111).

3

**II.**     **Grounds 2, 3 and 5:  Decided on Direct Appeal**

In § 2255 grounds 2 and 3, Movant asserts that the district court erred by not

ruling on the following arguments he raised prior to trial:

2.     "the lack of '[r]easonable suspicion' section of [his] objection to the suppression hearing and report and recommendation" ("R&R"); and

3.     his "objection [to the R&R's conclusion] that '[r]easonable suspicion' was not required by State Parole Officers who conducted a warrantless search of [his] residence pursuant to a parole 'search waiver' clause."

(Doc. 106 at 11).  In ground 5, Movant asserts that the district court erred by

5.     using his *Alford*-plea conviction as an ACCA predicate offense.

(*Id.*).

These grounds are identical to the three claims Movant raised on direct appeal.

(*Compare* Doc. 106 at 11 *with* Doc. 103 at 2).  But "[i]t is long settled that a prisoner

is procedurally barred from raising arguments in a motion to vacate his sentence,

28 U.S.C. § 2255, that he already raised and that we[re] rejected in his direct appeal."

*Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).  Grounds 2, 3 and 5

are not properly before the Court and should be denied.

**III.**     **Grounds 1, 6-7, and 9-11:  Procedural Bar**

As shown below, Movant has procedurally defaulted his § 2255 grounds 1, 6-7

4

and 9-11, and he has failed to make the showing necessary to overcome the resulting procedural bar to the consideration of these six grounds on the merits.

## A.   The Legal Framework

In general, "an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding.  A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (citation omitted); *see also Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a [collateral] proceeding.")

> When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.  Alternatively, under the fundamental miscarriage of justice exception, in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

*Mills*, 36 F.3d at 1055 (citations and internal quotations omitted); *see McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) ("A claim not raised on direct appeal is

5

procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."); *Fordham*, 706 F.3d at 1349 ("A default . . . may be excused . . . if one of two exceptions applies. The exceptions are: (1) cause and actual prejudice, and (2) actual innocence.").

To establish cause, a movant must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. In order to do so, however, the claim of ineffective assistance must have merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted).

"To establish 'prejudice,' a [movant] must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *see Lynn v. United States*, 365 F.3d 1225, 1235 n.21 (11th Cir. 2004) (noting that "cause and actual prejudice standard" for § 2255 motion "mirrors the standard used to evaluate collateral attacks on state convictions"); *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (" '[A]ctual prejudice' is 'not merely that

6

the errors at [the defendant's] trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))).

To prevail on a claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Id.* at 324; *see Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (applying actual innocence standard to procedural default of § 2255 claims).

### B.    Movant's Arguments

Movant presents the following arguments in his Discussion of Law.  (Doc. 106 at 12-18).  First, he asserts that his trial counsel provided ineffective assistance by not objecting to the district court's failure to rule on the issue of whether the search of his residence was proper even though neither a warrant nor reasonable suspicion justified it. (*Id.* at 12-14).  This argument does not even attempt to establish cause to excuse the procedural default of § 2255 grounds 1, 6-7 or 9-11.  Moreover, the district court ruled

that the search was proper because "reasonable suspicion clearly existed" (*see* Doc. 37 at 3), and the Eleventh Circuit affirmed that ruling (*see* Doc. 103 at 2-6). Movant also argues that his *Alford* plea to the offense of criminal attempt to commit armed robbery does not qualify as an ACCA predicate offense. (Doc. 106 at 17-18). Again, this argument does not attempt to show cause to excuse the procedural default of grounds 1, 6-7 or 9-11, and again, the issue of whether a conviction under an *Alford* plea can be used as an ACCA predicate offense was decided against Movant on direct appeal. (*See* Doc. 103 at 7-8).

Movant also "seeks enforcement of a retroactive right that burst into existence on or about June 20, 2013; for the erroneous usage of the 'non-generic' State of Georgia burglary statue for ACCA enhancement purposes." (Doc. 106 at 14 (citing *United States v. Descamps*, 133 S. Ct. 2276 (2013))). Movant argues that his sentence was enhanced using a method invalidated by *Descamps* rather than using the proper "modified categorical" approach to determine whether his conviction for a non-generic burglary qualifies as an ACCA predicate offense. (*Id.* at 14-16, 18). Movant also argues that he warrants relief under the rule established in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), namely, that "facts used to increase a mandatory minimum sentence must be submitted to a jury." (*Id.* at 16-17). These arguments are addressed

8

below.  Because Movant does not attempt to establish that he is actually innocent of his crime of conviction, only cause and prejudice are considered as a possible basis for excusing the default of § 2255 grounds 1, 6-7, and 9-11.

### C.    Grounds 1, 9 and 10

Movant raises the following three miscellaneous § 2255 grounds for relief:

1.    his arrest without probable cause violated the Fourth Amendment;

9.    "the Parole Officers already knew of the guns and ammunition being in the residence . . . and still allowed him to reside [there,] and later . . . arrest[ed] and punish[ed] him . . . for that same ammunition, which is clearly a double jeopardy violation";

10.    under the rule in *Alleyne*, his prior convictions should have been submitted to a jury.

(Doc. 106 at 10-12, 16-17).

Movant does not attempt to establish, and the Court does not discern, cause for, or prejudice arising from, his failure to raise these three grounds at trial or on direct appeal.  Neither the alleged lack of probable cause for Movant's arrest (ground 1) nor the knowledge Movant's parole officers possessed before he was arrested, allegedly giving rise to a double jeopardy claim (ground 9), were issues in Movant's earlier

9

proceedings.[1]  Movant does not explain how challenging his arrest on probable cause grounds or his conviction on double jeopardy grounds would have altered the outcome of his trial and appeal.  These grounds are procedurally barred.

Ground 10 concerns the doctrine enunciated in *Alleyne*, a case decided by the Supreme Court on June 17, 2013, while Movant's direct appeal was pending.  *Alleyne* requires that a jury, not a judge, find the facts used to increase the statutory minimum sentence for an offense.  But *Alleyne*—like *Apprendi*, whose rule it extends—does not apply to the "facts" of prior convictions.  *See United States v. Tinker*, 618 Fed. Appx. 635, 637 (11th Cir. 2015) (rejecting argument that "district court misapplied the ACCA's mandatory minimum sentence because [the] three qualifying prior convictions were neither charged in the indictment nor proven to a jury" because "this *Apprendi*-based argument is foreclosed by binding precedent" (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), "allowing the district court to consider prior convictions at sentencing"; *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), "expressly declining to overrule *Almendarez-Torres*"; *Alleyne*, 133 S. Ct. at 2160 n.1, "declining to revisit *Almendarez-Torres*"; and *United States v. King*,

---

[1]Indeed, it is clear from those proceedings that probable cause was not required for the warrantless search of Movant's residence—only reasonable suspicion was required, and it "clearly existed."  (*See* Doc. 37 at 3; Doc. 103 at 2-6).

751 F.3d 1268, 1280 (11th Cir. 2014), "concluding that *Almendarez-Torres* remains

binding precedent")).  Raising ground 10 at trial or on direct appeal would not have

affected the outcome of those proceedings.  Nor given the state of the law now, or then,

was there any constitutional deficiency in counsel's failure to raise this argument.

The Court therefore finds no prejudice arising from counsel's failure to raise

grounds 1, 9 and 10 at trial or on direct appeal.  These grounds are procedurally barred

from merits review.  *See Fordham*, 706 F.3d at 1349.

### D.    Grounds 6-7 and 11

> At sentencing, [Movant] challenged two of the three predicate offenses
> that triggered the ACCA's mandatory 15-year minimum sentence—a
> 1992 conviction under Georgia's burglary statute[] and a 2006 conviction
> for criminal attempt to commit armed robbery to which [he] entered an
> *Alford* plea. (Doc. 100 at 4-17.) He conceded that his third predicate
> conviction for felony obstruction of law enforcement qualified as a
> violent felony. (*Id.* at 5.)

(Doc. 112 at 4-5).

To challenge his ACCA sentencing enhancement in his § 2255 motion, Movant

raises the following three grounds for relief:

6.-7.  the district court erred by using his non-generic burglary offense as an ACCA
       predicate and "by denying the use of the 'Modified Categorical' approach when
       it was clearly applicable with evidence that was favorable to [him]";

11.    in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court

11

erred in using ACCA's "Residual Clause" to enhance his sentence based on his convictions for burglary and felony obstruction of a law enforcement officer.

(Doc. 106 at 11-12; Doc. 111 at 1-3).

Grounds 6 and 7 rely on *Descamps*, which the Supreme Court decided on June 20, 2013, while Movant's direct appeal was pending.  Ground 11 relies on *Johnson*, which the Supreme Court decided on June 26, 2015, after Movant filed his original § 2255 motion.  Even if these decisions apply retroactively, they do not alter the ACCA sentence that he received.[2]

> Under the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if that individual has three previous federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Section 924(e) defines a "violent felony" as:
>
>> any crime punishable by imprisonment for a term exceeding one year . . . that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2]The government does not challenge Movant's retroactive invocation of these two Supreme Court decisions.  (*See* Doc. 112 at 12 (declining to "challenge [Movant's] assertion of retroactivity" for *Descamps*, although noting that "neither the Supreme Court nor the Eleventh Circuit [has] decided whether *Descamps* applies retroactively on collateral review" (formatting altered) (internal quotations omitted)); *id.* at 15 ("[a]ssuming without conceding that *Johnson* is a retroactively applicable remedy for [a § 2255 movant] who otherwise failed to raise a 'residual' clause challenge")).

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The residual clause of § 924(e)(2)(B)(ii) encompasses any crime in which "the risk posed . . . is comparable to that posed by its closest analog among the enumerated offenses." *James v. United States*, 550 U.S. 192, 203 (2007).

*United States v. Gandy*, 710 F.3d 1234, 1236-37 (11th Cir. 2013).

### 1. Grounds 6-7: *Descamps* and the Modified Categorical Approach

In *Descamps*, the Supreme Court overruled the Ninth Circuit's ACCA treatment of a conviction under an indivisible California burglary statute whose reach swept broader than the generic burglary offense listed in § 924(e)(2)(B)(ii).[3]  133 S. Ct. at

---

[3]The *Descamps* Court outlined the proper ACCA analysis for a burglary conviction:

> To determine whether a past conviction is for one of [the crimes enumerated in § 924(e)(2)(B)(ii), i.e., burglary, arson, or extortion], courts use what has become known as the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

> [The Supreme Court had] previously approved a variant of this method—labeled . . . the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the

13

2281-82.   The Court held that "sentencing courts may not apply the modified categorical approach [to ascertain the defendant's actual criminal conduct that led to his conviction] when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282.  The Court emphasized that in applying the "formal categorical approach" to an indivisible statute, "[t]he key . . . is elements, not facts." *Id.* at 2283 (noting that "a defendant can receive an ACCA enhancement for burglary only if he was convicted of a crime having 'the basic elements' of generic burglary" (quoting *Taylor v. United States*, 495 U. S. 575, 599 (1990))).

In light of *Descamps*, the Eleventh Circuit in *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), reconsidered on direct appeal its previous conclusion that a conviction under Alabama's third-degree burglary statute qualified as an ACCA violent felony because under *Descamps* "the modified categorical approach could [no longer] be applied to prior convictions for violating [a] non-generic statute" unless that

---

other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.*

*Descamps*, 133 S. Ct. at 2281 (emphasis added).

14

statute was also divisible, i.e., "one that sets out one or more elements of the offense in the alternative." *Id.* at 1337 (internal quotations omitted). "But in cases involving a 'divisible' statute—i.e., one that sets out one or more elements of the offense in the alternative, in effect creating several different crimes—a modified categorical approach [still] applies." *United States v. Ramirez-Flores*, 743 F.3d 816, 820-21 (11th Cir. 2014) (noting that "[w]hen properly applied, . . . the modified categorical approach enables [the court] to 'identify, from among several alternatives, the crime of conviction so that [it] can compare it to the generic offense' " (quoting *Descamps*, 133 S. Ct. at 2285)).

In applying the modified categorical approach, "the only documents that a sentencing court may rely on are 'the charging document, . . . a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information.' " *United States v. Braun*, 801 F.3d 1301, 1306 (11th Cir. 2015) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The modified approach allows a sentencing court "to examine a limited class of [*Shepard*] documents to determine which of a statute's alternative *elements* formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284-85 (emphasis added) (noting "the narrow

15

scope of that [*Shepard* document] review: It [is] not to determine "what the defendant and state judge must have understood as the factual basis of the prior plea," but only to assess whether the plea was to the version of the crime in the [state] statute . . . corresponding to the generic offense" (quoting *Shepard*, 544 U.S. at 25-26); stating that "[t]he modified approach thus acts not as an exception, but . . . . retains the categorical approach's central feature: *a focus on the elements, rather than the facts, of a crime*" (emphasis added); and also noting "[t]wo more recent [Supreme Court] decisions [that] have further emphasized the elements-based rationale—applicable only to divisible statutes—for examining documents like an indictment or plea agreement," because "[b]y reviewing the extra-statutory materials approved in those cases, courts could discover which statutory phrase, contained within a statute listing several different crimes, covered a prior conviction" (internal quotations omitted)).

In short, to determine whether a conviction under a non-generic, divisible statute, such as the one at issue here, qualifies as an ACCA predicate offense, courts must look to the *elements* of the offense to which the defendant pled guilty, not to the underlying facts of the case.  This requirement settles the outcome here, as shown below.

Movant argues that *Descamps* requires the use of the modified categorical

16

approach to assess Georgia's non-generic, divisible burglary statute, under which he was convicted, to determine whether that conviction qualifies as an ACCA predicate offense.  (*See* Doc. 106 at 14-16, 18).  The government responds that this Court "*did use the modified categorical approach in its ACCA analysis*" (Doc. 112 at 12), noting that the dispute at sentencing "was over which *Shepard*-approved documents controlled the outcome of that inquiry. . . . [and that Movant's] counsel argued that . . . the plea colloquy[] laid out the factual predicate for the conviction and demonstrates that [Movant] himself never 'entered' the residence; his role 'was purely as a lookout' for his codefendants."  (*Id.* at 12-13 (footnote omitted)).

But Movant's counsel acknowledged at sentencing that Movant was charged, "along with three other co-defendants, [with] unlawfully without authority enter[ing] into [a] dwelling house . . . with intent to commit a theft therein."  (Doc. 100 at 6).  Counsel continued:

> *Now, that by itself satisfies a generic burglary statute, it's a house that's been entered into.* But we don't just look at the statute or the charging instrument. We're also allowed to look at the plea colloquy. And as I've indicated in some materials submitted to the Court, in the plea colloquy, although [Movant] pleads guilty to the burglary count against him, part of the discussion with the Court as presented . . . by the prosecutor in that case mentioned that [Movant's] role in this offense was purely as a lookout, that he did not enter into the dwelling at any point. There were three other individuals that entered that dwelling and they had various

17

roles there.

(*Id.* at 6-7 (emphasis added)).  Counsel acknowledged that Movant could have been convicted as a party to the generic burglary crime, but argued that there was nothing in the plea colloquy to suggest that he was convicted on that basis.  (*Id.* at 7-8).

There is little doubt, then, that the *elements* of the burglary for which Movant was convicted, which are the key determinant here, are the elements of generic burglary, an ACCA-enumerated violent felony.  *See Howard*, 742 F.3d at 1348 ("The elements of generic burglary under the ACCA are: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime." (internal quotations omitted)).

The government sums up its argument on grounds 6 and 7 as follows:

> Here, it is undisputed [that] the "statutory phrase" that was the basis for [Movant's] conviction constituted generic burglary.  That ends the analysis. . . . Because *Descamps* does not alter the analysis for [Movant's] Georgia burglary conviction, Grounds 6 and 7 remain procedurally barred.

(Doc. 112 at 14).  The Court agrees.  The use at Movant's sentencing of the modified categorical approach yielded the conclusion that his burglary conviction qualifies as an ACCA predicate offense because it is undisputed that he pled guilty to a crime comprising the elements of an ACCA generic burglary.  Movant thus has not

18

established that he was prejudiced by the failure of his counsel to raise the *Descamps* issue previously, and grounds 6 and 7 are procedurally barred.

### 2. Ground 11: ACCA's Residual Clause

Movant's ground 11, raised in his motion to amend, relies on *Johnson*, in which the Supreme Court struck down ACCA's residual clause in a decision handed down on June 26, 2015, after Movant already had filed his original § 2255 motion. The residual clause makes any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" an ACCA predicate offense. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court invalidated the residual clause as "unconstitutionally vague" because "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, [it] produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S. Ct. at 2557-58; *see id.* at 2557 ("[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.").

Movant contends that, in light of *Johnson*, his felony obstruction and burglary

19

convictions no longer qualify as ACCA predicate offenses.  (Doc. 111 at 1-2).  The government responds that Movant's burglary conviction is an ACCA-enumerated offense, as discussed above, and that his conviction for obstruction of a law enforcement officer is an ACCA predicate offense under the "physical force" clause, 18 U.S.C. § 924(e)(2)(b)(i), which provides that a violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  (Doc. 112 at 15-16).  The government notes that Movant's obstruction offense is defined under Georgia law to include as an element the "offering or doing violence to the person" of a law enforcement officer.  (*Id.* at 16; *see* O.C.G.A. § 16-10-24(b)).  It thus appears that Movant's obstruction conviction qualifies as an ACCA predicate offense under the "physical force" clause.

Movant's citation to *United States v. Dixon*, 598 Fed. Appx. 704 (11th Cir. 2015), is unavailing.  (*See* Doc. 111 at 2).  The *Dixon* court held only that it was not plain error for the district court to conclude that the appellant's O.C.G.A. § 16-10-24(b) conviction qualified as an ACCA violent felony.  *Dixon*, 598 Fed. Appx. at 706.  In so doing, the court cited with approval the Eleventh Circuit's holding in *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010), that "a conviction under Florida Statute section 843.01 [—] which provides that anyone who 'knowingly and willfully

20

resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . , is guilty of a felony' [—] is a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii)," i.e., under ACCA's residual clause. *Dixon*, 598 Fed. Appx. at 706. But these holdings do not preclude the alternative holding that obstruction of a law enforcement officer in Georgia also qualifies as an ACCA violent felony under the physical force clause, § 924(e)(2)(B)(i). (*See* Doc. 112 at 17 ("But even if *Dixon* had the import [Movant] claims, his felony obstruction conviction still qualifies under the 'physical force' clause of the ACCA, and thus [he] cannot show 'actual prejudice.' *See Fordham*, 706 F.3d at 1349. Ground 11 remains procedurally barred.")). The Court agrees that Movant has not shown prejudice arising from counsel's failure to challenge the application of ACCA's residual clause to his prior Georgia felonies. Ground 11 is also procedurally barred.

## IV.   Grounds 4 & 8:  Ineffective Assistance of Counsel

Movant raises two § 2255 grounds alleging ineffective assistance of counsel:

4.    trial counsel "erred by failing to object and allowing the District Court to proceed to trial without ruling on the lack of '[r]easonable suspicion' part of the suppression hearing";

8.    trial counsel provided ineffective assistance "by failing to thoroughly, adequately, and diligently attack the precedent cases that the government used to validate their use of the ACCA."

21

(Doc. 106 at 11, 12).

### A.    Standard of Review

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).  The Supreme Court set forth the standard for evaluating such claims in *Strickland v. Washington*, 466 U.S. 668 (1984); *see Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013) (applying *Strickland* standard of review to § 2255 ineffective-assistance claim).  "An ineffectiveness claim . . . is an attack on the fundamental fairness of the proceeding whose result is challenged." *Strickland*, 466 U.S. at 697.  The analysis involves two components, but a court need not address both if the petitioner "makes an insufficient showing on one."  *Id.*

First, a federal court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance."  *Id.* at 690.  The court "must be highly deferential" in scrutinizing counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  In other words, the petitioner "must overcome the presumption that, under

22

the circumstances, the challenged action might be considered sound trial strategy." *Id.* (Internal quotations omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*).

Second, a federal court determines whether counsel's challenged acts or omissions prejudiced the petitioner, i.e., whether "there is a reasonable probability"—one "sufficient to undermine confidence in the outcome"—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (noting that "the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case" (internal quotations omitted)).

**B.     Analysis**

In support of his two ineffective-assistance grounds, Movant asserts only that counsel did not object to the district court's failure to rule on the issue of whether the warrantless search of his residence was proper despite a lack of reasonable suspicion

23

to justify it.  (*Id.* at 12-14).  The government responds as follows:

> [Movant] has failed to articulate exactly what his attorney did or did not do that rendered his representation deficient and how that deficiency prejudiced [Movant]. In fact, [Movant's] counsel *exhaustively* litigated the suppression issue (both whether reasonable suspicion was constitutionally required and whether it existed here) and the ACCA issue below—which form the bases of Grounds 4 and 8. [Movant] has not pointed to how the outcome of his trial or appeal would have been different but for the allegedly deficient performance.

(Doc. 112 at 18-19).  The Court agrees.  Movant has not demonstrated how his counsel's allegedly deficient performance prejudiced him, especially in light of the Eleventh Circuit's decision on direct appeal denying his challenges to the search of his residence.  Grounds 4 and 8 fail.

## V.    Certificate Of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate.   28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B).  A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*

AO 72A
(Rev.8/82)

*v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case).  Because there is no reasonable argument that Movant has set forth in his § 2255 motion a claim that is both cognizable and meritorious, a COA should not issue in this matter.

## VI.   Conclusion

Movant's motion to amend his § 2255 motion (Doc. 111) is **GRANTED**.

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion (Doc. 106) be **DENIED** and that he be **DENIED** a certificate of appealability.

**SO ORDERED and RECOMMENDED** this 13th day of January, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

25