IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH WADE, | : | CIVIL ACTION NO. |
| BOP Reg # 63016-019, | : | 1:15-CV-1712-RWS-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-CR-337-RWS-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**ORDER**

Movant, a federal prisoner, challenges his 195-month sentence via a 28 U.S.C. § 2255 motion. (Doc. 106). The Magistrate Judge has issued a Report and Recommendation ("R&R"), recommending that the motion be denied. (Doc. 113). Movant objects. (Doc. 117).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotations omitted)). If there are no specific objections to factual

findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which Petitioner objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant raises 11 grounds for relief in his § 2255 motion. The Magistrate Judge found that because Movant raised grounds 2, 3 and 5 on direct appeal and the Eleventh Circuit denied them, these grounds are not amenable to review in this § 2255 proceeding. (R&R at 4). The Magistrate Judge found that grounds 1, 6-7 and 9-11 are procedurally barred from merits review because Movant failed to raise them earlier, and he has shown neither cause and prejudice nor his actual innocence to excuse that failure. (*Id.* at 9-21). And the Magistrate Judge found that Movant's two

2

claims of ineffective assistance of counsel, grounds 4 and 8, fail on the merits. (*Id.* at 21-24).

Regarding his § 2255 grounds 1-5, Movant objects that he has a valid claim that his due process rights were violated by a search of his home without either reasonable suspicion or a warrant. (Doc. 117 at 2). But the trial court and the Eleventh Circuit both decided this issue against Movant, and he may not relitigate it here. (*See* R&R at 1-2, 4). This objection fails.

Regarding his § 2255 ground 9, Movant objects that a double jeopardy violation clearly occurred. (Doc. 117 at 4-5). But Movant did not raise this claim in the trial court or on direct appeal, and therefore it is procedurally barred from merits review here. (*See* R&R at 5-10). This objection also fails.

The remainder of Movant's objections concern his sentence, which was enhanced under the 15-year mandatory minimum of the Armed Career Criminal Act ("ACCA") based on Movant's three previous violent felony convictions:

1. regarding grounds 6 and 10-11, Movant objects that neither his 1992 burglary conviction nor his 1998 conviction for obstruction of law enforcement qualifies as an ACCA predicate offense, and therefore his sentence was improperly enhanced (Doc. 117 at 2-3);

2. regarding ground 7, Movant "reasserts" that the trial court failed to apply the modified categorical approach to his burglary conviction, which, when properly

3

applied, reveals that he did not commit the generic ACCA offense of burglary because he never entered the home that was burglarized (*id.* at 3-4);

3. regarding ground 8, Movant "reasserts that there was ineffective-assistance of counsel due to the fact that Counsel never thoroughly, adequately, or diligently researched, attacked, and challenged the predicate/precedent cases of the GOVERNMENT used to validate the Armed Career Criminal Act" (*id.* at 4); and

4. regarding grounds 10-11, Movant "reasserts" that his burglary and felony-obstruction-of-law-enforcement convictions do not qualify as predicate offenses under ACCA's residual clause, which the Supreme Court of the United States declared unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*id.* at 5).

The Magistrate Judge thoroughly discussed the issues raised in these grounds and properly concluded that none of them has merit. (*See* R&R at 11-21, 23-24). At Movant's sentencing, this court *did* in fact apply the modified categorical approach to determine that Movant's burglary conviction qualifies as an ACCA predicate offense. In using that approach, it is the elements of the charged offense that matter, not the particular facts — in this case, for example, the fact that Movant himself did not enter the dwelling of another with the intent to commit a crime there, but only stood watch for his accomplices while they did just that. (*See id.* at 13-19; *id.* at 18 ("There is little doubt [] that the *elements* of the burglary for which Movant was convicted, which are the key determinant here, are the elements of generic burglary,

4

an ACCA-enumerated violent felony.")). And Movant's obstruction offense qualifies as an ACCA predicate under ACCA's physical force clause, not its residual clause. (*See id.* at 19-21).

For the most part, Movant reasserts the claims he presented to the Magistrate Judge, but he fails to explain how any of them warrants the relief he seeks. To the contrary, as the R&R amply demonstrates, none of them do. The Court therefore **OVERRULES** Movant's objections to the R&R (Doc. 117); **ADOPTS** the R&R (Doc. 113) as the Opinion and Order of this Court; **DENIES** Movant's 28 U.S.C. § 2255 motion (Doc. 106); and **DENIES** Movant a certificate of appealability.

**SO ORDERED** this 8th day of March, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)